UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jason Carlson, | Case No. 19-cv-1232 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| BNSF Railway Company, | |
| Defendant. | |

---

This matter is before the Court on Plaintiff Jason Carlson's appeal of two orders issued by United States Magistrate Judge David T. Schultz. (Dkt. 58.) For the reasons addressed below, the magistrate judge's May 28, 2020 Order, (Dkt. 56), and June 4, 2020 Second Amended Scheduling Order, (Dkt. 57), are affirmed.

## BACKGROUND

Carlson filed this action against Defendant BNSF Railway Company (BNSF) on May 8, 2019, asserting claims under the Federal Employers Liability Act, Federal Railroad Safety Act, and Locomotive Inspection Act. Carlson, who was a conductor for BNSF, was injured on or about August 11, 2017, when he allegedly experienced "rough track." BNSF contends that it terminated Carlson for dishonesty on the grounds that he falsified his injury report.

Carlson disclosed that he anticipates calling various experts in the fields of medicine, railroad operations, and economics. *See* Fed. R. Civ. P. 26(f). BNSF similarly disclosed that it anticipates calling experts in those fields as well as a vocational expert.

The magistrate judge subsequently issued a scheduling order limiting each party to submitting 50 document requests and calling no more than one expert to testify. Soon thereafter, the magistrate judge issued an amended scheduling order permitting each party to call no more than four expert witnesses.

Carlson moved to compel discovery, seeking additional document requests and an order requiring BNSF to produce comparator data from its Employee Performance Tracking System. On May 28, 2020, the magistrate judge granted in part and denied in part Carlson's motion and ordered BNSF to produce responsive information for any similar employee in the "Twin Cities district (sic)"[1] who made a complaint regarding track safety or unsafe workplace conditions, as well as any employee who was charged with one or more of the same rule violations as Carlson.

On May 15, 2020, the day Carlson's expert disclosures were due, Carlson moved to modify the scheduling order to permit additional expert witnesses to testify and grant additional time to disclose his expert opinions. Carlson asserted that, on April 2, 2020, his treating physician recommended surgical intervention because the conservative treatment provided over the prior two years was unsuccessful. Carlson subsequently was furloughed by his current employer, Canadian Pacific Railway Company, on April 15, 2020. As a result of his physician's recommendation and being furloughed, Carlson argued, a vocational rehabilitation expert may be necessary depending on the outcome of the surgery and an economist may be necessary to quantify Carlson's loss of income.

---

[1]   The record reflects that the "Twin Cities Division" encompasses six states and Manitoba, Canada.

2

The magistrate judge issued a second amended scheduling order on June 4, 2020, that permitted 10 additional document requests, but did not permit any additional expert witnesses.

Carlson appeals the magistrate judge's May 28, 2020 Order and the June 4, 2020 Second Amended Scheduling Order.

## ANALYSIS

A district court applies an "extremely deferential" standard of review to a magistrate judge's ruling on a nondispositive issue. *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). "Where a magistrate judge has carefully examined the proposed discovery, the Court will defer to the magistrate judge's broad discretion . . . to manage and define appropriate discovery unless the magistrate judge's determinations were clearly erroneous or contrary to law." *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 238 (D. Minn. 2013) (internal quotation marks omitted). A ruling is clearly erroneous when, although there is evidence to support the ruling, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). A ruling is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted).

Courts have "considerable discretion" when determining the need for, and form of, discovery. *In re Nat'l Hockey League Players' Concussion Injury Litig.*, 120 F. Supp. 3d 942, 949 (D. Minn. 2015). A district court may limit discovery if the burden of the discovery sought outweighs its likely benefits. *Roberts v. Shawnee Mission Ford, Inc.*, 352

F.3d 358, 361 (8th Cir. 2003). And a district court may consider and take appropriate action as it pertains to "controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37." Fed. R. Civ. P. 16(c)(2)(F).

Carlson argues that the magistrate judge's decision to limit the number of requests for documents was contrary to law because the Federal Rules of Civil Procedure permit such a limitation only *after* a party demonstrates that additional document production is overly burdensome or otherwise inappropriate. But Rule 26(b)(2)(C), Fed. R. Civ. P., provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule" if the court determines that (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from a source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1), Fed. R. Civ. P. Here, the magistrate judge soundly exercised his discretion to limit discovery, and the order limiting the number of requests for production of documents is neither clearly erroneous nor contrary to law.

Carlson also argues that the limitation imposed by the scheduling order on the number of expert witnesses that a party may call fails to consider the complexity of this litigation. A scheduling order "may be modified only for good cause *and* with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). The decision whether to modify a scheduling order rests within the discretion of the court. *Bradford v. DANA Corp.*, 249

F.3d 807, 809 (8th Cir. 2001). Here, the magistrate judge applied the applicable legal standards, and the record reflects that the magistrate judge carefully considered Carlson's motion. *Cf. Wells Fargo*, 750 F. Supp. 2d at 1050-51 (affirming discovery order where the magistrate judge applied the appropriate legal standards and a review of the record indicated that he exercised his discretion in a sound manner). For these reasons, the June 4, 2020 Second Amended Scheduling Order is neither clearly erroneous nor contrary to law.

Finally, Carlson argues that the magistrate judge's May 28, 2020 Order, which requires BNSF to produce comparator data from its Employee Performance Tracking System only for BNSF's Twin Cities Division, is contrary to law. A party is entitled to nationwide comparator data when the party establishes a particular need for the information. *Semple v. Fed. Express Corp.*, 566 F.3d 788, 794 (8th Cir. 2009). Carlson contends that the facts of this case warrant inclusion of nationwide comparator data because he was a Minnesota employee whose disciplinary investigation was directed by and upheld by officials in Texas, not merely officials in BNSF's Twin Cities Division. Carlson's argument is directly contrary to decisions of the Eighth Circuit. *See id.* (concluding that the fact that the employment policy applied nationally had little bearing on the policy's application by local management within the district and that corporate level review of the termination through the company's internal appeals process was insufficient to warrant nationwide comparator data). In summary, the magistrate judge's order requiring BNSF to produce comparator data limited to the Twin Cities Division is neither clearly erroneous nor contrary to law.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the magistrate judge's May 28, 2020 Order, (Dkt. 56), and June 4, 2020 Second Amended Scheduling Order, (Dkt. 57), are **AFFIRMED**.

Dated:  October 6, 2020                                       s/Wilhelmina M. Wright
                                                                                                  Wilhelmina M. Wright
                                                                                                  United States District Judge