UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jason Carlson, | Case No. 19-cv-1232 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER** |
| BNSF Railway Company, | |
| Defendant. | |

---

This matter is before the Court on Plaintiff Jason Carlson's appeal, (Dkt. 128), of the February 9, 2021 Order of United States Magistrate Judge David T. Schultz, (Dkt. 122), which denied Carlson's motion to compel discovery.  For the reasons addressed below, the magistrate judge's February 9, 2021 Order is affirmed.

## BACKGROUND

Defendant BNSF Railway Company (BNSF) is a Delaware corporation that operates a railroad carrier engaged in interstate commerce.  At all times relevant to this lawsuit, BNSF employed Carlson as a railroad conductor.

Carlson commenced this lawsuit against BNSF alleging claims under the Federal Railroad Safety Act (FSRA), the Federal Employers' Liability Act (FELA) and the Locomotive Inspection Act (LIA).  The claims arise from an injury Carlson allegedly sustained while working for BNSF.  BNSF contends that Carlson falsified his injury report and BNSF subsequently terminated Carlson's employment for dishonesty.

Carlson moved to compel discovery on November 23, 2020. Carlson sought an order requiring BNSF to produce certain documents identified in BNSF's privilege log or, in the alternative, sought an *in camera* review of the documents to ascertain whether they are privileged. At a December 7, 2020 hearing on Carlson's motion, the magistrate judge ordered BNSF to submit the purportedly privileged documents to the Court. In a February 9, 2021 Order, after having performed an *in camera* review, the magistrate judge found that the documents were "appropriately withheld either as work product, attorney-client privileged communications or both," and denied Carlson's motion to compel production. The magistrate judge also ordered BNSF to produce any "underlying factual information relevant" to this lawsuit. Carlson seeks a review of the magistrate judge's application of the attorney-client privilege and the work-product privilege as to the disputed documents.

## ANALYSIS

A district court conducts an "extremely deferential" review of a magistrate judge's ruling on a nondispositive issue. *Smith v. Bradley Pizza, Inc.*, 314 F. Supp. 3d 1017, 1026 (D. Minn. 2018) (internal quotation marks omitted), *aff'd,* 821 F. App'x 656 (8th Cir. 2020). Such a ruling will be modified or set aside only if it is clearly erroneous or contrary to law. *Id.* (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3)). A ruling is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). A ruling is contrary to

law when a court "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted).

Carlson contends that, because this issue is purely a question of law, "a *de novo* review of the magistrate's order" is applicable. But the determination of whether a document is privileged is a factual determination. *See Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987). As such, a *de novo* review is not appropriate here. Accordingly, the Court will apply the clearly erroneous or contrary to law standard of review. *See Smith*, 314 F. Supp. 3d at 1026.

### I. Attorney-Client Privilege

Carlson argues that the magistrate judge applied the attorney-client privilege too broadly. BNSF counters that the magistrate judge correctly concluded that the challenged documents are subject to the attorney-client privilege.

The attorney-client privilege doctrine prevents an attorney from disclosing communications made by a client to an attorney "in order to obtain legal assistance." *Fisher v. United States*, 425 U.S. 391, 403 (1976). "While the privilege, where it exists, is absolute, the adverse effect of its application on the disclosure of truth may be such that the privilege is strictly construed." *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977). The burden of establishing that the attorney-client privilege applies rests with the party asserting the privilege. *See, e.g.*, *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985).

3

The attorney-client privilege protects communications between in-house counsel and corporate employees when those communications are made for the purpose of securing or providing legal advice. *See Upjohn Co. v. United States*, 449 U.S. 383, 389–90 (1981); *see also PaineWebber Grp., Inc. v. Zinsmeyer Trs. P'ship*, 187 F.3d 988, 991 (8th Cir. 1999). Because in-house counsel serve as both legal advisors and business advisors, a court must consider whether the advice at issue primarily is legal advice, which is privileged, or business advice, which is not. *See Cardenas v. Prudential Ins. Co. of Am.*, Nos. 99-1421JRTFLN, 99-1422JRTFLN, 99-1736JRTFLN, 2004 WL 234404, at *2 (D. Minn. Jan. 30, 2004). Only when an attorney acts in the role of legal counselor while communicating information to corporate employees does that information become subject to the attorney-client privilege. *See Mission Nat'l Ins. Co. v. Lilly*, 112 F.R.D. 160, 163 (D. Minn. 1986).

Carlson specifically challenges the magistrate judge's application of the attorney-client privilege to documents 1, 2, 10, and 12 on BNSF's privilege log. Carlson argues that these documents were not created for the purpose of giving or receiving legal advice and, thus, the attorney-client privilege does not apply. The magistrate judge found that the author of documents 1, 2, 10 and 12 "either expressly requested or provided" legal advice. Based on its *in camera* review of these documents, this Court concludes that the magistrate judge's finding is neither clearly erroneous nor contrary to law. *See Smith*, 314 F. Supp. 3d at 1026. These documents involve communications between BNSF's in-house counsel

4

and BNSF employees, and the documents were created for the purpose of either providing or seeking legal advice.

Because documents 1, 2, 10 and 12 are protected from discovery by the attorney-client privilege, the magistrate judge's ruling is affirmed.[1]

## II. Work-Product Privilege

The magistrate judge also held that the 31 disputed documents shall not be produced because they are subject to the work-product privilege. Carlson argues that the magistrate judge misapplied the work-product privilege to these disputed documents. BNSF responds that, because the disputed documents were created in anticipation of litigation, they are protected by the work-product privilege.

Rule 26(b)(3), Fed. R. Civ. P., provides that a party may not obtain through discovery materials "prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3). The work-product privilege protects from disclosure materials prepared in anticipation of litigation.[2] *See Mission*, 112 F.R.D. at 163. But materials created in anticipation of litigation resulting from an accident or during a routine investigation of a

---

[1] The magistrate judge's order does not describe in extreme detail why the attorney-client privilege applies because he also held that these documents shall not be produced because they are protected by the work-product privilege, as addressed below.

[2] The scope of the work-product privilege is broader than that of the attorney-client privilege because items protected by the work-product privilege are not limited to confidential communications between an attorney and a client. *See Onwuka v. Fed. Express Corp.*, 178 F.R.D. 508, 512 (D. Minn. 1997). The work-product privilege extends protection to all documents and tangible things that have been prepared in anticipation of litigation or for trial. *Id.*

possible claim do not qualify for the work-product privilege. *Id.* The work-product privilege is not absolute and should be "applied in a commonsense manner in light of reason and experience as determined on a case-by-case basis." *Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997). Even if a document qualifies for the work-product privilege, it may be discoverable upon a showing that the party "seeking discovery has *substantial need* of the materials and . . . is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Mission*, 112 F.R.D. at 163 (emphasis added); *see also* Fed. R. Civ. P. 26(b)(3)(A)(ii).

The magistrate judge found that each of the 31 disputed documents at issue was created in anticipation of litigation. Carlson contends that the magistrate erred by setting the date of anticipated litigation on the date of the alleged injury. Although the mere occurrence of an accident does not always establish whether litigation was reasonably anticipated, *see United Nat'l Ins. Co. v. Gunderson, Inc.*, No. 08-678 (MJD/JJK), 2010 WL 11537511, at *6 (D. Minn. May 20, 2010), a court may find that litigation was reasonably anticipated from the moment an accident occurs, *see Almaguer v. Chi., Rock Island & Pac. R.R. Co.*, 55 F.R.D. 147, 149 (D. Neb. 1972). Here, when the accident occured, Carlson was already engaged in litigation against BNSF in a different matter. The magistrate judge's conclusion that this fact alone renders "litigation by Carlson over the August 11, 2017 injury reasonably foreseeable" is neither clearly erroneous nor contrary to law. *See Almaguer*, 55 F.R.D. at 149 ("The anticipation of the filing of a claim against a railroad, when a railroad employee has been injured or claims to have been injured on the job, is

6

undeniable, and the expectation of litigation in such circumstances is a reasonable assumption.").

Carlson also argues that the disputed documents should not be privileged because they were created in BNSF's ordinary course of business. *See Simon*, 816 F.2d at 401 ("[T]here is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation." (internal quotation marks omitted)). Carlson argues that some of these documents would have been created regardless of whether Carlson filed a lawsuit, which means they are ordinary business documents. But this argument does not accurately reflect the facts of this case. *See Pittman*, 129 F.3d at 988 (recognizing that the work-product privilege applies on a "case-by-case basis"). As the magistrate judge correctly observed, BNSF "received no other reports of rough track or accidents at the location where Carlson claims to have been injured," and Carlson was already engaged in other litigation against BNSF for work-related injuries. Based on the facts in this case and a review of the disputed documents, the magistrate judge found that the disputed documents were created in anticipation of litigation and not in the ordinary course of business. Having preformed an *in camera* review of the documents, the Court concludes that the magistrate judge's ruling is neither clearly erroneous nor contrary to law.

The magistrate judge also concluded that Carlson has not demonstrated a "substantial need" for any of the documents at issue. *Mission*, 112 F.R.D. at 163. Carlson now contends that he has a substantial need for these documents so that he may understand how BNSF made its decisions and whether they were prompted by intentional retaliation.

As this argument was not made before the magistrate judge, the Court will not consider it for the first time here. Accordingly, the magistrate judge's conclusion based on the facts and arguments presented at the time of his decision is neither clearly erroneous nor contrary to law.

Carlson also argues that the magistrate judge erred by failing to order redacted copies of the documents to be produced. But Carlson fails to cite any caselaw supporting this argument. The magistrate judge ordered BNSF to disclose the underlying factual information relevant to the claim and defenses, which ensures that Carlson has the relevant information he needs to prosecute this case. The magistrate judge's decision to refrain from ordering redacted copies of the documents is neither clearly erroneous nor contrary to law.

Accordingly, the magistrate judge's conclusion that the 31 disputed documents are covered by the work-product privilege is affirmed.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the magistrate judge's February 9, 2021 Order, (Dkt. 122), is **AFFIRMED**.

Dated: July 19, 2021

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge