UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jason Carlson,                                    Case No. 19-cv-1232 (WMW/DTS)

                    Plaintiff,

                                                      **ORDER**

    v.

BNSF Railway Company,

                    Defendant.

---

      Plaintiff Jason Carlson moves for the Court to excuse the untimely filing of his memoranda of law, affidavits, and exhibits submitted in opposition to Defendant BNSF Railway Company's (BNSF) motions for summary judgment and to exclude expert testimony.  (Dkt. 184.)  BNSF has not opposed Carlson's motion.  For the reasons addressed below, Carlson's motion is granted.

## BACKGROUND

      On June 9, 2021, BNSF moved for summary judgment and to exclude expert testimony.  The Court granted Carlson's motion for an extension of time to respond to BNSF's motions and ordered Carlson to file his responses on or before July 30, 2021.  Carlson filed his responses on July 31, 2021, together with several affidavits and exhibits.  Contemporaneously, Carlson filed the pending motion to excuse the untimely filing of these materials based on excusable neglect.  Carlson's counsel contends that he filed these materials "between 4 and 48 minutes past the midnight deadline" for two reasons: (1) an attorney who was assisting with the preparation of these filings resigned and

abruptly departed the law firm that represents Carlson, and (2) Carlson's counsel encountered technical difficulties when attempting to access the Court's Electronic Case Files (ECF) system.

Upon review of the documents, the Court discovered that nearly half of the exhibits cited by Carlson in opposition to BNSF's motion for summary judgment had not been filed. Although the affidavit of Carlson's counsel purports to include 27 exhibits, only 15 exhibits are attached to the affidavit. On August 23, 2021, the Court notified the parties by email that these exhibits had not been properly filed. The Court directed Carlson's counsel to file on ECF the missing exhibits with a letter addressing the basis on which the Court should accept the untimely exhibits. Later that day, Carlson filed a corrected affidavit and 27 exhibits, including more than 500 pages that previously had not been correctly filed. In an explanatory letter filed with the corrected affidavit, Carlson's counsel asserts that multiple exhibits had been inadvertently omitted from Carlson's July 31, 2021 filings because the ECF system deemed the electronic files "corrupted" and rejected these documents.

## ANALYSIS

Carlson's memoranda of law and numerous affidavits and exhibits, submitted in opposition to BNSF's motions for summary judgment and to exclude expert testimony, were filed on ECF minutes after the Court-ordered July 30, 2021 deadline. Those filings also omitted more than 500 pages of exhibits, which Carlson later filed on August 23, 2021, after being prompted to do so by the Court. Carlson moves for the Court to accept

these untimely filings pursuant to Rule 6(b)(1)(B), Fed. R. Civ. P., based on excusable neglect.  BNSF has not opposed Carlson's motion.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.' "  *Chorosevic v. MetLift Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 388 (1993)).  To determine whether neglect is excusable, a district court may consider "all relevant circumstances surrounding the party's omission." *Id.* (quoting *Pioneer*, 507 U.S. at 395).  When doing so, a court should consider the following factors: (1) the possibility of prejudice to the opposing party; (2) the length of the delay and the possible impact of that delay on the judicial proceedings; (3) the reason for the delay, including whether the delay was within the untimely party's reasonable control; and (4) whether the untimely party acted in good faith.  *Id.*

As to the first factor, the Court considers the possibility of prejudice to BNSF. Notably, BNSF has not disputed Carlson's assertion of excusable neglect or argued that it has suffered any prejudice.  Indeed, most of Carlson's untimely filings were submitted only minutes after the filing deadline.  Although numerous exhibits were inadvertently omitted from those filings and were not filed on ECF until several weeks later, Carlson

represents—and BNSF has not disputed—that he previously provided courtesy copies of those exhibits to BNSF. Because Carlson's delay has not prejudiced BNSF, this factor supports a finding of excusable neglect.

As to the second factor, the Court considers the length of the delay and its impact on the judicial proceedings. As addressed above, most of Carlson's untimely submissions were filed within minutes after the filing deadline. The inadvertently omitted exhibits were filed approximately three weeks later, at which point Carlson filed a corrected affidavit promptly after the Court alerted counsel to the omission. The hearing on BNSF's pending motions must now be delayed to permit the Court sufficient time to meaningfully review and consider more than 500 pages of newly submitted evidence. However, the extent of this delay will be relatively minimal and will not significantly delay a ruling on BNSF's motions. Therefore, this factor supports a finding of excusable neglect.

As to the third factor, the Court considers the reason for the delay, including whether the delay was within Carlson's reasonable control. Carlson presents evidence demonstrating that the initial delay in his filings occurred, in part, because an attorney who represented Carlson resigned and abruptly departed the law firm that represents Carlson on the afternoon of the filing deadline. The record also reflects that Carlson's counsel encountered technical difficulties when attempting to file documents on ECF later that day. With respect to the exhibits that were omitted from Carlson's July 31, 2021 filings, Carlson's counsel represents that these omissions were inadvertent.

Evidence submitted by Carlson's counsel indicates that some of Carlson's exhibits were rejected by the ECF system because they were "malformed or contain[ed] code which may cause an external action." It is counsel's responsibility to ensure that documents are submitted to the Court both on time and correctly. This responsibility includes understanding the ECF system and correcting mistakes made during the filing process. *Cf. Mgmt. Registry, Inc. v. A.W. Cos.*, 17-cv-5009-JRT-KMM, 2019 WL 3574464, at *2 (D. Minn. Aug. 6, 2019) (finding excusable neglect warranted accepting untimely filing but observing that "a technical difficulty" differs from a "mistake [by counsel] made in the filing process," and that counsel is responsible for ensuring compliance with filing requirements). On this record, however, the totality of the circumstances demonstrates that Carlson's delays were relatively minimal, inadvertent, and to some extent outside of counsel's reasonable control. Therefore, this factor supports a finding of excusable neglect.

As to the fourth factor, the Court considers whether Carlson's counsel acted in good faith. The record reflects that Carlson's counsel acted promptly to minimize the possible prejudice and other impacts of any filing delays. Counsel's efforts included correcting Carlson's filings soon after becoming aware of filing defects; notifying opposing counsel and providing opposing counsel links to all of Carlson's filings; contacting the ECF system administrator to determine the reasons for the filing errors; and notifying the Court by promptly filing the pending motion to excuse Carlson's

untimely filings.  These efforts demonstrate good faith and support a finding of excusable neglect.

In summary, Carlson has demonstrated that his untimely filings were the result of excusable neglect.  Accordingly, the Court will accept Carlson's untimely filings and consider them in connection with BNSF's pending motions for summary judgment and to exclude expert testimony.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.    Plaintiff Jason Carlson's motion to excuse untimely filings, (Dkt. 184), is **GRANTED**.

2.    The September 1, 2021 hearing is **CANCELLED** and is rescheduled to occur on **Tuesday, September 28, 2021**, at **9:00 A.M.** in Courtroom 7A of the Saint Paul Federal Courthouse.  This will be an in-person hearing.


Dated:  August 24, 2021                              s/Wilhelmina M. Wright
                                                     Wilhelmina M. Wright
                                                     United States District Judge